SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal Bar No. 168464
ccardon@sheppardmullin.com
SAUL ROSTAMIAN, Cal. Bar No. 235292
srostamian@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

*Attorneys for Defendant FaceFirst, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VANCE and TIM JANECYK, for themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEFIRST, INC.,<br><br>Defendant. | Case No. 2:20-CV-06244-DMG-KS<br><br>[*Assigned to Hon. Dolly M. Gee*]<br><br>**CLASS ACTION**<br><br>**DEFENDANT FACEFIRST, INC.'S:**<br><br>**(1) NOTICE OF MOTION AND AMENDED MOTION TO STAY CASE; AND**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration of Saul Rostamian and [Proposed] Order filed concurrently herewith*]<br><br>Hearing:<br>Date:   January 8, 2021<br>Time: 9:30 a.m.<br>Ctrm.: 8C<br>Judge: Hon. Dolly M. Gee<br><br>Complaint Filed: July 14, 2020<br>Trial Date: None set |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 8, 2021 at 9:30 a.m., or as soon thereafter as this Motion may be heard in Courtroom 8C of the above-entitled court, Judge Dolly M. Gee presiding, located at United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Defendant FaceFirst, Inc. ("FaceFirst"), by and through its undersigned counsel, will and hereby does move the Court for an order staying all proceedings in this case.

FaceFirst moves to stay the action on the following grounds. Currently pending in the United States District Court for the Northern District of Illinois is another lawsuit filed by the same two Plaintiffs and captioned as *Steven Vance, et al. v. International Business Machines Corp.*, No. 1:20-cv-00577 (N.D. Ill.) ("*IBM*"). The *IBM* litigation alleges violations of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") and raises many of the same factual and legal issues present in the instant litigation. Accordingly, a stay of this case pending the resolution of *IBM* will avoid duplicative and protracted third-party discovery, and reduce the risk of inconsistent decisions on identical issues of fact and law.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 17, 2020.

This Motion is based upon this Notice of Motion and Amended Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Saul Rostamian in Support of Defendant's Amended Motion to Dismiss Class Action Complaint and Amended Motion to Stay Case, the pleadings and papers on file in this action and all related cases, any argument and evidence to be presented at the hearing on this Motion, and any other matters that may properly come before the Court.

| | |
|---|---|
| Dated: November 24, 2020  By | /s/ *Saul Rostamian* |
| | Saul Rostamian |
| | SHEPPARD MULLIN |
| | RICHTER & HAMPTON LLP |
| | 1901 Avenue of the Stars, Suite 1600 |
| | Los Angeles, California 90067-6055 |
| | Telephone:  310.228.3700 |
| | Facsimile:310.228.3701 |
| | srostamian@sheppardmullin.com |
| | |
| | *Attorneys for Defendant* |
| | FaceFirst, Inc. |

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

REQUEST FOR JUDICIAL NOTICE ....................................................................... 2

FACTUAL BACKGROUND ...................................................................................... 2

    A.    Summary of Plaintiffs' Allegations in This Lawsuit ............................. 2

    B.    Similar BIPA Lawsuits Filed by Plaintiffs ............................................ 5

        1.    Lawsuits Against IBM ................................................................ 5

        2.    BIPA Lawsuits Against Microsoft, Amazon and Google ............ 6

ARGUMENT ............................................................................................................... 7

    A.    The Court Should Stay This Litigation Pending the Final Outcome in *IBM* .................................................................................. 7

    B.    Plaintiffs Will Not Be Harmed By a Stay ............................................. 7

    C.    FaceFirst Will Incur Hardship If The Court Denies a Stay ................... 9

    D.    A Stay Pending the Outcome of *IBM* Will Simplify the Factual and Legal Issues and Serve Interests of Judicial Economy .................. 11

CONCLUSION ......................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aliphcom v. Fitbit, Inc.*
    154 F. Supp. 3d 933 (N.D. Cal. 2015) ................................................................ 8, 11

*Cisco Sys., Inc. v. Chung*
    No. 19-cv-07562-PJH, 2020 WL 2747772 (N.D. Cal. May 26, 2020) ................ 13

*CMAX, Inc. v. Hall*
    300 F.2d 265 (9th Cir. 1962) .............................................................................. 7, 8

*Fallon v. Locke, Liddell & Sapp, LLP*
    No. 04-cv-03210-RMW, 2007 WL 2904052 (N.D. Cal. Oct. 2, 2007) ............................................................................................................... 11

*Gustavson v. Mars, Inc.*
    No. 13-cv-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ............................................................................................................... 11

*Hawaii v. Trump*
    233 F. Supp. 3d 850 856 (D. Haw. 2017) ............................................................. 9

*Jinni Tech Ltd. v. RED.com, Inc.*
    No. C-17-0217-JLR, 2018 WL 5312200 (W.D. Wash. Oct. 26, 2018) ............................................................................................................... 11

*Landis v. N. Am. Co.*
    299 U.S. 248 (1936) ............................................................................................... 8

*Lockyer v. Mirant Corp.*
    398 F.3d 1098 (9th Cir. 2005) ................................................................. 7, 11, 13

*McElrath v. Uber Techs., Inc.*
    No. 16-cv-07241-JSC, 2017 WL 1175591 (N.D. Cal. Mar. 30, 2017) .................. 9

*Meras Eng'g, Inc. v. CH2O, Inc.*
    No. C-11-0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013) ...................... 8

*O'Hanlon v. 24 Hour Fitness USA, Inc.*
    No. 15-cv-01821-BLF, 2016 WL 815357 (N.D. Cal. Mar. 2, 2016) ..................... 2

*Robledo v. Randstad US, L.P.*
    No. 17-cv-01003-BLF, 2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) .................. 10

*SST Millennium LLC v. Mission St. Dev. LLC*
    No. 18-cv-06681-YGR, 2019 WL 2342277 (N.D. Cal. June 3, 2019) .......... 10, 12

*Steven Vance, et al. v. IBM*
    No. 1:20-cv-00577 ...................................................... 1, 2, 5, 7, 8, 9, 10, 11, 12, 13

*United States v. Black*
    482 F.3d 1035 (9th Cir. 2007) ................................................................................ 2

*Vance v. IBM*
    No. 20-cv-00577, 2020 WL 5530134 (N.D. Ill. Sept. 15, 2020) ........................... 6

*Vance, et al. v. Amazon.com Inc.*
    No. 2:20-cv-01084 (W.D. Wash.) ......................................................................... 7

*Vance, et al. v. Google LLC*
    No. 5:20-cv-04696-BLF (N.D. Cal.) ..................................................................... 7

*Vance, et al. v. Microsoft Corp.*
    No. 2:20-cv-01082-JCC-MAT (W.D. Wash.) ....................................................... 7

<u>Statutes</u>

Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ............................... *passim*

<u>Other Authorities</u>

Fed. R. Evid. 201 ............................................................................................................ 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

FaceFirst asks the Court to stay all proceedings in this matter pending the outcome of litigation brought by the same two Plaintiffs that is also pending in the United States District Court for the Northern District of Illinois and captioned as *Steven Vance, et al. v. IBM*, No. 1:20-cv-00577 (N.D. Ill.) ("*IBM*"). The Illinois court's resolution of *IBM* will streamline the factual and legal issues in this litigation, avoid duplicative and protracted third-party discovery, and reduce the risk of inconsistent decisions on identical issues of fact and law. In *IBM*, the Plaintiffs bring materially identical claims under Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). In FaceFirst's contemporaneously filed Motion to Dismiss Class Action Complaint, it raises many of the arguments for dismissal that IBM raises in its recent motion to dismiss. It is undisputed that both this case and *IBM* arise out of the same Diversity in Facts Dataset ("DiF Dataset"), which Plaintiffs allege IBM created and subsequently provided to FaceFirst. In both lawsuits, Plaintiffs claim the DiF Dataset contained digital photos of Plaintiffs that they uploaded to the photo-sharing website, Flickr, and which contain Plaintiffs' biometric data.

If the Court does not grant a stay, dispositive factual and legal questions will need to be decided by this court and the Illinois court. This case will require significant third-party discovery from IBM. A stay would avoid the risk of inconsistent rulings regarding the same threshold issues under BIPA. Those issues include (a) whether Plaintiffs consented to IBM's alleged collection, use, or disclosure of their biometric data, (b) whether Plaintiffs' data was actually included in the DiF Dataset created by IBM, and (c) whether the DiF Dataset actually contains "biometric identifiers" or "biometric information" as those terms are defined by BIPA. These overlapping factual and legal issues warrant a temporary stay of this matter so that the

Illinois court can finally resolve the claims in *IBM*. A stay would save sizable resources of the parties, further the interests of judicial economy, and make Plaintiffs' litigation of their BIPA claims much more efficient.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, FaceFirst asks this Court to consider Exhibits D through H to the Declaration of Saul Rostamian in Support of FaceFirst's Motion to Dismiss Class Action Complaint and Motion to Stay Case ("Rostamian Decl."), filed contemporaneously herewith. Exhibits D, F, G, and H are the complaints brought by the same Plaintiffs (Steven Vance and Tim Janecyk) in BIPA lawsuits against IBM, Amazon, Microsoft, and Google, respectively. Exhibit E is a printout of the court's updated docket sheet in *IBM*. It is well settled that public records, including court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (taking judicial notice of pleadings, briefs, and transcripts, among other filings); *O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-cv-01821-BLF, 2016 WL 815357, at *3 (N.D. Cal. Mar. 2, 2016) (taking judicial notice of court filings when ruling on motion to stay). Accordingly, the Court should take judicial notice of Exhibits D through H.

## FACTUAL BACKGROUND

**A.     Summary of Plaintiffs' Allegations in This Lawsuit**

Plaintiffs allege that IBM created "Diversity in Faces" – a dataset consisting of one millions images culled from the photo-sharing website Flickr – "for the purpose of improving the ability of facial recognition systems to fairly and accurately identify all individuals." Dkt. 1, ¶ 40. Plaintiffs allege that FaceFirst obtained the DiF Dataset from IBM, although the Complaint does not allege when FaceFirst obtained it. *Id.* ¶ 55. Plaintiffs contend the "information provided to companies that downloaded the [DiF Dataset] included the biometric identifiers and information extracted from each photograph in the dataset and links to each photograph on Flickr from which IBM

extracted the biometric data." *Id.* ¶ 50.  They also allege that FaceFirst used the DiF Dataset "to improve the fairness and accuracy of its facial recognition products and technologies" and that FaceFirst "profited from the biometric identifiers and information contained in the [DiF Dataset]." *Id.* ¶¶ 57–58.

Plaintiff Vance alleges that in 2008, he uploaded a photo of himself with two family members (the "2008 Photo") to Flickr as well as numerous other photos.  *Id.* ¶¶ 60–61.  Plaintiff Janecyk also alleges that he has been a Flickr user since 2008, uploading "in excess of a thousand" photographs, including a photo of himself that was uploaded in 2011 from his device in Illinois (the "2011 Photo").  *Id.* ¶ 69.  The Complaint alleges that in 2014, Flickr, through its parent company Yahoo!, allegedly compiled a dataset of "approximately 100 million Flickr photographs" that included some images of Illinois residents, including Plaintiffs, which Flickr made "publicly available" (the "Flickr Dataset").  *Id.* ¶¶ 29, 32.  Flickr allegedly "contended that its purpose in releasing the Flickr Dataset was to help improve the accuracy and reliability of facial recognition technology." *Id.* ¶ 31.  Subsequently, in April 2019, IBM allegedly created the DiF Dataset "consisting of one million images culled from the Flickr Dataset." *Id.* ¶ 40.

IBM allegedly created the DiF Data for the purpose of "improving the ability of facial recognition systems to fairly and accurately identify all individuals," based on research indicating that existing facial recognition technology was not very accurate in identifying women and those with darker skin tones. *Id.* ¶¶ 40, 33–37. Plaintiffs assert that in compiling the DiF Dataset, "IBM scanned the facial geometry of each image contained in the dataset and created a comprehensive set of annotations of intrinsic facial features that includes craniofacial distances, areas and ratios, facial symmetry and contrast, skin color, age and gender predictions, subjective annotations, and pose and resolution." *Id.* ¶ 41.  Without elaborating, Plaintiffs claim the DiF Dataset "contained the biometric identifiers and information of Plaintiffs and Class

Members." *Id.* ¶ 44.  Plaintiffs further allege that "IBM did not seek nor receive permission from Plaintiffs or Class Members to include their images" in the DiF Dataset, or "perform scans of their facial geometries" or "otherwise collect, obtain, store, use, possess or profit from their biometric identifiers and information." *Id.* ¶ 45.

Plaintiffs allege IBM offered the DiF Dataset to other companies "that developed, produced, marketed, sold or otherwise use facial recognition products and technologies." *Id.* ¶ 47.  They further claim the DiF Dataset "included the biometric identifiers and information extracted from each photograph in the dataset and links to each photograph on Flickr from which IBM extracted the biometric data." *Id.* ¶ 50. Plaintiff also claim that any company that obtained the DiF Dataset could "identify the Flickr user who uploaded the photograph to Flickr, view the Flickr user's homepage and other posted material, and view each photograph's metadata." *Id.* ¶ 51.

Relying on information and belief, Plaintiffs allege that FaceFirst obtained the DiF Dataset from IBM to improve "the fairness and accuracy" of FaceFirst's facial recognition products and technology.  *Id.* ¶¶ 55–58.  They assert the DiF Dataset included information sufficient to identify their Flickr profile pages, which showed that they lived in Illinois, and provided a method to contact them via Flickr's direct message system, which FaceFirst did not do.  *Id.* ¶¶ 62, 64–66, 70, 72–74.  Notably, the Complaint does not allege any specific details about FaceFirst's facial recognition technology or how it operates.

Plaintiffs allege two causes of action under BIPA: (1) violations of Section 15(b), which requires advance notice and written consent prior to collecting and individual's biometric data, and (2) violations of Section 15(c), which prohibits a private entity like FaceFirst from profiting from an individual's biometric information. *Id.* ¶¶ 93–106.  Additionally, they allege claims from unjust enrichment and "injunctive relief." *Id.* ¶¶ 107–122.  Plaintiffs bring these claims on behalf of

themselves and a putative class of "[a]ll Illinois residents whose faces appears in the Diversity in Faces Dataset" FaceFirst obtained. *Id.* ¶ 83.

## B.     Similar BIPA Lawsuits Filed by Plaintiffs

### 1.     Lawsuits Against IBM

In January 2020, Plaintiffs Vance and Janecyk filed two practically identical putative class actions against IBM related to its creation of the DiF Dataset: *Vance v. International Business Machines Corp.* (filed in the Northern District of Illinois); and *Janecyk v. International Business Machines Corp.* (filed in the Circuit Court of Cook County, Illnois). In February 2020, after *Janecyk* was removed to federal court, the cases were consolidated and assigned to the Honorable Charles P. Kocoras. *See* Rostamian Decl., Ex. E ("*IBM* ECF").

The operative second amended consolidated complaint against IBM alleges many of the same facts set forth in Plaintiffs' Complaint against FaceFirst. *See* Rostamian Decl., Ex. D ("*IBM* Cplt."). For example, it alleges that Plaintiffs uploaded photos of themselves to Flickr (*id.* ¶¶ 23, 30); that Flickr made those photos available to IBM (*id.* ¶¶ 24, 31); and that IBM subsequently collected, captured, and otherwise obtained Plaintiffs' biometric data from those photos (*id.* ¶¶ 25, 32, 40–46), which it then incorporated into the DiF Dataset that was provided to third-party companies (*id.* ¶ 47). Based on this conduct, Plaintiffs claim that IBM violated five subsections of BIPA: § 15(a) (by failing to develop a publicly available retention policy and deletion schedule); § 15(b) (by collecting, capturing, and otherwise obtaining individuals' biometric identifiers and information without obtaining informed written consent); § 15(c) (by unlawfully profiting from individuals' biometric identifiers and information); § 15(d) (by disclosing, redisclosing, and otherwise disseminating individuals' biometric identifiers and information); and § 15(e) (by failing to protect from disclosure individuals' biometric identifies and information). *Id.* ¶¶ 69, 76, 83, 90, 97.

In April 2020, IBM moved to dismiss the consolidated complaint on many of the same grounds upon which FaceFirst seeks dismissal here—that application of BIPA to IBM's alleged conduct would violate Illinois' extraterritoriality doctrine and the Dormant Commerce Clause, that BIPA does not apply to information derived from photographs, that Plaintiffs' unjust enrichment claim is insufficiently pleaded, and that injunctive relief is not an independent cause of action. *See Vance v. IBM*, No. 20-cv-00577, 2020 WL 5530134, at *3–5 (N.D. Ill. Sept. 15, 2020); Defendant FaceFirst, Inc.'s Motion to Dismiss Class Action Complaint, contemporaneously filed herewith.

On September 15, 2020, the Northern District of Illinois granted in part and denied in part IBM's motion to dismiss. *See IBM*, 2020 WL 5530134, at *4–5. The court concluded it was premature to rule on IBM's extraterritoriality and Dormant Commerce Clause arguments, finding that discovery was necessary to determine the extent to which the alleged acts occurred in Illinois and that a more fully developed record would enable the court to determine whether IBM would be forced *de facto* to apply BIPA nationwide to ensure compliance with BIPA in Illinois. *Id.* at *3–4. The court denied IBM's motion to dismiss on the grounds that BIPA does not apply to information derived from photographs, finding that the complaint sufficiently alleged the collection of biometric data (*id.* at *4–5). The court found Plaintiffs stated a claim for unjust enrichment (*id.* at *5). The court also dismissed Plaintiffs' claim for injunctive relief, finding that it was a remedy and not a freestanding cause of action. *Id.*

### 2. BIPA Lawsuits Against Microsoft, Amazon and Google

On July 14, 2020—as IBM's motion to dismiss was pending—Plaintiffs Vance and Janecyk filed four more putative class actions against companies that allegedly obtained the DiF Dataset from IBM: *Vance, et al. v. Microsoft Corp.*, No. 2:20-cv-01082-JCC-MAT (W.D. Wash.) ("*Microsoft*"); *Vance, et al. v. Amazon.com Inc.*, No.

2:20-cv-01084 (W.D. Wash.); *Vance, et al. v. Google LLC*, No. 5:20-cv-04696-BLF (N.D. Cal.), and this action in the Central District of California. All four cases allege violations of Sections 15(b) and 15(c) of BIPA, and all four lawsuits alleged strikingly similar allegations regarding each defendant's conduct—specifically, that defendants obtained the DiF Dataset (which included Plaintiffs' biometric data) from IBM, and used it to improve their facial recognition technology and thereby make their products and services more valuable.[1]

## ARGUMENT

### A. The Court Should Stay This Litigation Pending the Final Outcome in *IBM*

The Court should stay all proceedings in this matter pending the final outcome of the *IBM* litigation. It is well-established that a "district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In evaluating whether to stay a case, courts consider multiple factors: (1) the possible damage that may result from a stay; (2) the hardship or inequity that may result if the litigation moves forward; and (3) the "orderly course of justice, including whether it would simplify or complicate factual and legal issues in the pending litigation." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). All of the *Lockyer* factors favor a stay here.

### B. Plaintiffs Will Not Be Harmed By a Stay

Courts in this Circuit "are generally unwilling to presume delay is harmful without specific supporting evidence." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2015). At a minimum, Plaintiffs must demonstrate a "fair possibility" of harm if the case is stayed. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Plaintiffs cannot establish any harm resulting from a stay.

---

[1] *See, e.g.*, Rostamian Decl., Ex. F ("*Amazon* Cplt."), at ¶¶ 64–65; Rostamian Decl., Ex. G ("*Microsoft* Cplt."), at ¶¶ 57–58; Rostamian Decl., Ex. H ("*Google* Cplt."), at ¶¶ 57–58.

First, a stay would not force Plaintiffs to sit idly by while other parties litigate issues that affect their legal rights. *See id.* at 254–55 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). In this situation, Plaintiffs Vance and Janecyk (and their counsel) are litigating an effectively identical case against IBM, and thus Plaintiffs are already "participat[ing] in proceedings that will decide key legal questions affecting [their] rights." *Meras Eng'g, Inc. v. CH2O, Inc.*, No. C-11-0389 EMC, 2013 WL 146341, at *4 (N.D. Cal. Jan. 14, 2013) (finding harm where plaintiff was not a party in both cases); *CMAX*, 300 F.2d at 269 n.8 (upholding stay where opposing party was a litigant in both actions and could assert its own arguments). Any "generalized risk of delayed litigation is minimized by the fact that the [*IBM*] proceeding is moving forward" and on the way to resolving nearly identical claims and issues pertinent to this case. *See Aliphcom*, 154 F. Supp. 3d at 938 (finding no harm from stay). Indeed, the bulk of Plaintiffs' claims survived IBM's motion to dismiss (including the BIPA claims), IBM has answered Plaintiffs' complaint, discovery is ongoing, and Plaintiffs' counsel has been appointed interim lead counsel. *See IBM* ECF Nos. 46, 48, 52, 53.

There is no risk of losing evidence if the Court grants a stay. FaceFirst has appropriate measures in place to ensure that no potentially relevant documents are deleted in the ordinary course of business. In this putative class action, adjudicating Plaintiffs' claims will undoubtedly involve largely documentary evidence—such as policies and practices regarding FaceFirst's use of the DiF Dataset and/or written contracts between IBM and FaceFirst—that will be preserved. *See McElrath v. Uber Techs., Inc.*, No. 16-cv-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) (no harm from stay of proceedings where plaintiff's allegations hinged on documentary evidence "rather than the unrecorded memories of witnesses"). Plaintiffs will surely seek (if they have not already) discovery directly from IBM

pertaining to IBM's creation of the DiF Dataset, its use of Plaintiffs' biometric data, all companies to which IBM disclosed such data, and the circumstances relating to such disclosures. Vance and Janecyk can also obtain third-party discovery from Flickr for documents related to whether Plaintiffs ever consented to the alleged use and disclosure of their Flickr photos and the photos of putative class members. In short, the vast majority of relevant documents are in the hands of IBM and Flickr/Yahoo!.

Plaintiffs will be able to obtain key documents much faster in *IBM* than in the instant cases, and therefore, Plaintiffs cannot point to a fair possibility of harm if the Court grants a stay.

### C.     FaceFirst Will Incur Hardship If The Court Denies a Stay

There is a very real chance FaceFirst will incur harm if the Court does not grant a stay. With the discovery period open in *IBM*, allowing Plaintiffs to press their case against FaceFirst will assuredly result in duplicative discovery and present the risk of divergent rulings. *See, e.g.*, *Hawaii v. Trump*, 233 F. Supp. 3d 850 856 (D. Haw. 2017) (granting stay to avoid duplicative litigation and risk of inconsistent decisions on the same legal issues).

The high chances of duplication are not difficult to see. Because *IBM* and this case raises many of the same factual and legal issues, there will be myriad discovery requests and likely motions in both actions that seek to discover the same facts and resolve the same questions of law. For instance, the *IBM* Court will have to decide issues such as (1) whether Plaintiffs' photos and other data were included in the DiF Dataset, (2) the nature and scope of any contractual agreements between Plaintiffs, Flickr/Yahoo!, and IBM, (3) where the alleged conduct (e.g., IBM's creation of the DiF Dataset) occurred, (4) whether the information that IBM allegedly collected from Plaintiffs' photos constitute "biometric identifiers" or "biometric information" under BIPA, and (5) whether Plaintiffs consented to such collection and any subsequent

disclosure, among others. All of these issues will be resolved in *IBM* without FaceFirst's involvement.

Conversely, the evidence relevant to proving or disproving these key issues rest in the possession, custody or control of IBM and Flickr/Yahoo!. If FaceFirst must defend the instant suit now, it will have to engage in substantial third-party discovery only to obtain evidence that will likely be produced in *IBM* and IBM mounts many of the same defenses FaceFirst will raise here. Without a stay, FaceFirst could "be required to defend a large class action and undergo discovery which could be rendered moot" by a ruling in *IBM* on one of the dispositive issues overlapping in both actions. *See Robledo v. Randstad US, L.P.*, No. 17-cv-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) (granting stay).

The risk of inconsistent rulings on the same issues of law is also high given the overlapping issues of fact and law. *See SST Millennium LLC v. Mission St. Dev. LLC*, No. 18-cv-06681-YGR, 2019 WL 2342277, at *5 (N.D. Cal. June 3, 2019) (finding risk that arbitrator could find no primary liability while the court could find secondary liability a "clear case of hardship or inequity") (citation omitted). For instance, the Illinois court could rule that the data collected by IBM does not meet the definition of "biometric identifiers" or "biometric information" under BIPA, while this Court rules that FaceFirst's possession of the same data *does* violate BIPA. Similarly, the Illinois court could find that Plaintiffs consented to their disclosure of their Flickr photos and any subsequent use of those photos by third parties such as IBM, and this Court could reach the opposite conclusion. Divergent rulings could also concern whether Plaintiffs' Illinois residency and alleged uploading of photos to Flickr from Illinois devices constitutes a connection to Illinois sufficient to give rise to BIPA claims even if other relevant conduct occurred entirely outside Illinois.

This significant risk of inconsistent rulings and duplicative litigation presents "clear case of hardship" to FaceFirst, and thus these factors weigh in favor of a stay. *Lockyer*, 398 F.3d at 1112.

### D. A Stay Pending the Outcome of *IBM* Will Simplify the Factual and Legal Issues and Serve Interests of Judicial Economy

"[C]onsiderations of judicial economy are highly relevant" under the third *Lockyer* factor. *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (finding judicial economy weigh in favor of a stay). If resolution of another matter "will help decide the factual and legal issues before the court," the third *Lockyer* factor favors a stay. *See Jinni Tech Ltd. v. RED.com, Inc.*, No. C-17-0217-JLR, 2018 WL 5312200, at *6 (W.D. Wash. Oct. 26, 2018). This holds true "[e]ven if the other proceedings do not control the outcome in the action before the court." *Fallon v. Locke, Liddell & Sapp, LLP*, No. 04-cv-03210-RMW, 2007 WL 2904052, at *3 (N.D. Cal. Oct. 2, 2007) (considering stay pending arbitration); *Aliphcom*, 154 F. Supp. 3d at 939 ("[A]lthough this Court is not bound by the ITC's determination, this Court would benefit from its final decision[.] … The ITC's consideration of issues relevant to this case thus will inform, and likely narrow, the scope of the issues to be decided here."); *Jinni Tech*, 2018 WL 5312200, at *6 ("Even though the issues in the California case are not identical to the issues here, the court finds that resolution of the California case will help decide the factual and legal issues before the court.").

As FaceFirst explains above, this case and *IBM* raise many of the same factual and legal issues, including several threshold issues that could impact the scope and trajectory of this case. Specifically, the overlapping factual issues include:

- What information is included in the DiF Dataset IBM allegedly created, including what, if any, of Plaintiffs' information is included (*i.e.*, photographs, identifying information, biometric data, etc.);

- Whether Plaintiffs or members of the putative class provided consent to Flickr to use photos they uploaded to the platform, and the scope of any such consent;

- The state(s) where the alleged conduct occurred, including but not limited to where the alleged biometric data was collected by IBM; and

- The nature of any contractual agreements governing the relationships between Plaintiffs and Flickr/Yahoo!, Plaintiffs and IBM, and IBM and Flick/Yahoo!.

The overlapping legal issues include the following sampling:

- Whether the DiF Dataset includes "biometric identifiers" or "biometric information" as those terms are defined under BIPA;

- Whether any terms of service or other notices or agreements between Flickr/Yahoo! or IBM and Plaintiffs satisfies BIPA's express notice and consent requirements;

- Whether any terms or service or other notices or agreements between Flickr/Yahoo! and Plaintiffs, or Flickr/Yahoo! and IBM authorized any of the alleged conduct, including IBM's provision of the DiF Dataset to FaceFirst;

- Whether any such agreements contain any applicable limitations on liability or class action waivers; and

- Whether there is a sufficient connection to Illinois to warrant application of BIPA under the facts alleged in Plaintiffs' Complaint.

The efficiencies of deciding these critical issues in one lawsuit (as opposed to several) will clearly further the interests of judicial economy, thus warranting a stay. *See SST Millennium*, 2019 WL 2342277, at *5 ("[G]iven the interdependence and identical nature of plaintiffs' claims against each defendant, resolution of plaintiffs' claims against [the defendant in one action] will simplify issues, proof, and questions of law with respect to the claims [in the other action]."); *Cisco Sys., Inc. v. Chung*, No. 19-cv-07562-PJH, 2020 WL 2747772, at *13 (N.D. Cal. May 26, 2020) ("[A] core issue in this litigation—whether the information purportedly misappropriated by defendants qualifies as trade secrets—poses numerous threshold issues that must be

decided both by [the] arbitrator and this court. Given the nature of those issues (i.e., mixed questions of legal fact), the court acknowledges the possibility of inconsistent rulings."). In sum, the third *Lockyer* factor also weighs in favor of a stay.

## CONCLUSION

All of the *Lockyer* factors weigh in favor of granting a stay of the instant proceedings pending the outcome of the *IBM* case. Therefore, Defendant FaceFirst, Inc. respectfully requests that the Court grant this motion and stay all proceedings until overlapping issues in *IBM* have been adjudicated.

Dated: November 24, 2020                    By: /s/ *Saul Rostamian*_____

                                              P. Craig Cardon
Saul Rostamian
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701
ccardon@sheppardmullin.com
srostamian@sheppardmullin.com

*Counsel for Defendant FaceFirst, Inc.*