UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-6244-DMG (KSx) | Date | June 2, 2021 |
| Title | *Steven Vance, et al. v. Facefirst, Inc.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT FACEFIRST'S MOTION TO STAY [54] and MOTION TO DISMISS [53] AND PLAINTIFFS' MOTION TO COMPEL PARTICIPATION IN RULE 26(F) CONFERENCE [69]**

On November 24, 2020, Defendant FaceFirst, Inc. filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a Motion to Stay pending the outcome of another case also brought by Plaintiffs Steven Vance and Tim Janecyk, *Steven Vance, et al. v. International Business Machines Corporation* ("*IBM*"), No. CV 20-005577 (N.D. Ill.). [Doc. ## 53, 54.] Both motions are fully briefed. [Doc ## 57-60][1]. The parties also filed notices of supplemental authority, as well as their responses thereto. [Doc. ## 64-68.] On May 3, 2021, Plaintiffs filed a Motion to Compel FaceFirst's participation in a Rule 26(f) conference ("MTC"). [Doc. # 69.] FaceFirst filed an Opposition. [Doc. # 70.]

For the reasons stated below, the Court **GRANTS** the MTS and **DENIES** the MTD and MTC.

I.
FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Vance and Janecyk are Illinois residents who, beginning in 2008, uploaded photographs, including photographs of their own faces, to the photo-sharing website Flickr. Compl. at ¶¶ 60-62, 68-69. Defendant FaceFirst is a company that develops, produces, markets, and uses facial recognition products and technologies. *Id.* at ¶ 52.

In 2014, Flickr, through its parent company, Yahoo!, compiled and made publicly available a data set of millions of Flickr photographs that included images of Illinois residents,

---

[1] The Court grants FaceFirst's Request for Judicial Notice of Exhibits D through H and Plaintiffs' Request for Judicial Notice of Exhibits A through K. Courts can properly take judicial notice of other court filings and matters of public records. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The parties have not opposed the other's requests for judicial notice or questioned the authenticity of the documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 20-6244-DMG (KSx) | Date | June 2, 2021 |
| Title | Steven Vance, et al. v. Facefirst, Inc. | Page | 2 of 6 |

including both Plaintiffs. *Id.* at ¶¶ 29, 32. Then, in April 2019, International Business Machines Corporation ("IBM") utilized one million images culled from the Flickr dataset to create the "Diversity in Faces" ("DiF") Dataset for the purpose of improving facial recognitions' sensitivity to female and darker-skinned faces. *Id.* at ¶¶ 36-40. In compiling the DiF Dataset, IBM scanned the facial geometry of each image and created a set of annotations of intrinsic facial features such as facial symmetry and contrast, skin color, age, and gender predictions. *Id.* at ¶¶ 41-42. IBM did not seek nor receive permission from Plaintiffs or any other person depicted in a Flickr image to include their images in this dataset. *Id.* at ¶ 45.

IBM offered the DiF Dataset to other companies that developed, produced, marketed, sold or otherwise used facial recognition products and technologies, including Defendant FaceFirst. *Id.* at ¶ 47. According to Plaintiffs, the DiF Dataset "included the biometric identifiers and information extracted from each photograph in the dataset and links to each photograph on Flickr and from which IBM extracted the biometric data," so that any company who obtained the dataset could identify the Flickr user who uploaded the photo; view the user's homepage, geographic location, and other metadata; and contact the user directly through Flickr. *Id.* at ¶¶ 50-51, 62, 70.

In January 2020, Plaintiffs filed two putative class actions against IBM arising out of its creation of the DiF Dataset: *Vance v. International Businesses Machines Corp.* in the Northern District of Illinois, and *Janecyk v. International Business Machines Corp.* in the Circuit Court of Cook County, Illinois. In February 2020, the latter case was removed to federal court, and the cases were consolidated. *See* Rostaminan Decl., Ex. E.

On July 14, 2020, Plaintiffs Vance and Janecyk filed four more putative class actions against companies that allegedly obtained the DiF dataset from IBM: (1) the instant action; (2) *Vance, et al. v. Microsoft Corp.*, No. CV 20-01082-JCC-MAT (W.D. Wash.); (3) *Vance, et al. v. Amazon.com Inc.*, No. CV 20-01084 (W.D. Wash.); and (4) *Vance, et al. v. Google LLC*, No. CV 20-04696-BLF (N.D. Cal.). All four cases assert that the defendants' use of the DiF dataset resulted in violations of Sections 15(b) and 15(c) of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and also assert claims for unjust enrichment and injunctive relief.

FaceFirst now seeks to stay this action pending the resolution of the consolidated *IBM* action, No. CV 20-577 (N.D. Ill.), or to dismiss Plaintiffs' Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On February 12, 2021, the Northern District of California granted a similar motion to stay filed by Google LLC in *Vance, et al. v. Google LLC*,

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |

| Case No. | CV 20-6244-DMG (KSx) | Date | June 2, 2021 |
|---|---|---|---|
| Title | *Steven Vance, et al. v. Facefirst, Inc.* | Page | 3 of 6 |

No. CV 20-04696-BLF (N.D. Cal.).  *See id.*, 2021 WL 534363 (N.D. Cal. Feb. 12, 2021); FaceFirst Not. of Supp. Authority [Doc. # 66.]

## II.
## LEGAL STANDARD

A district court has "inherent" power to "control the disposition of the causes on its docket" in a manner which will promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  For this reason, a district court has discretion to stay proceedings pending before it.  The Supreme Court has emphasized that "[a] stay is not a matter of right, even if irreparable injury might otherwise result" but "is instead an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id.*

In exercising its discretion, the court must weigh the following competing interests: "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX*, 300 F.2d at 268).  When "even a fair possibility" of harm may result from a stay, the proponent of the stay "must make out a clear case of hardship or inequity in being required to go forward. . . .  Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

## III.
## DISCUSSION

FaceFirst argues that this Court should stay all proceedings in this action pending the final outcome in the *IBM* litigation in light of each *Landis* factor:  (1) the plaintiffs would not be harmed by a stay; (2) FaceFirst would incur hardship if the Court denies a stay; and (3) a stay pending the outcome of *IBM* will simplify the factual and legal issues and serve the interests of judicial economy.  The Court now examines and weighs each factor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 20-6244-DMG (KSx) | Date | June 2, 2021 |
| Title | *Steven Vance, et al. v. Facefirst, Inc.* | Page | 4 of 6 |

### A.     Harm to Plaintiffs

Plaintiffs argue that they would be prejudiced if the Court grants the requested stay because Plaintiffs specifically seek injunctive relief.  Opp. to MTS at 12 [Doc. # 58] (citing *Ortega v. J.B. Hunt Transport, Inc.*, No. CV 07-078336-MWF, 2013 WL 12377418, at *2 (C.D. Cal. Apr. 23, 2013) ("[C]ontinuing to delay the possibility of . . . injunctive relief increases the potential harm to Plaintiffs and other class members[.]")).  For the reasons stated in the opinion granting a stay in *Vance v. Google LLC*, this argument is unpersuasive.  *See* 2021 WL 534363 at *4-5.  To the extent Vance and Janecyk suffer any harm from FaceFirst's alleged possession of their biometric information, an injunction against use of the DiF dataset in the *IBM* case in the Northern District of Illinois is likely to provide the relief sought.  In addition, because Plaintiffs are represented by the same counsel in the *IBM* action, Plaintiff's claims will not be litigated by another party.  *Landis*, 299 U.S. at 255 (noting that harm may occur when a litigant is asked "to stand aside while a litigant in another [court] settles the rule of law that will define the rights of both").  Plaintiffs will have some control over the pace of litigation in *IBM*, in which discovery is set to end in July 2021, and will not face an indefinite stay.  *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.* 498 F.3d 1059, 1066 (9th Cir. 2007) ("[A] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.").

To ameliorate any prejudice arising from a stay, the Court adopts the Northern District of California's timeline in the *Google* case and will limit any stay to February 11, 2022, or sooner should the *IBM* action reach a quicker conclusion.  *See* 2021 WL 534363 at *5.

Due to the minimal potential prejudice to Plaintiffs, this factor weighs in favor of granting the stay.

### B.     Hardship for FaceFirst

The second *Landis* factor considers the possible harm to the defendant that could arise from the case moving forward.  *CMAX*, 200 F.2d at 268.  "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity for purposes of a stay." *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) (citation and internal quotation marks omitted).  But hardship may result where there is "the potential for inconsistent rulings and resulting confusion." *Id.*

FaceFirst argues that there is a strong possibility of divergent rulings on identical issues of law, as well as duplicative discovery.  MTD at 15.  Indeed, the *IBM* litigation and this case raise many of the same factual and legal issues, including (1) whether Plaintiff's photos and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 20-6244-DMG (KSx) | Date | June 2, 2021 |
| Title | *Steven Vance, et al. v. Facefirst, Inc.* | Page | 5 of 6 |

other data were included in the DiF Dataset, (2) the nature and scope of any contractual agreements between Plaintiffs, Flickr/Yahoo!, and IBM, (3) where the alleged conduct occurred, (4) whether the information that IBM allegedly collected from Plaintiffs' photos constitute "biometric identifiers" or "biometric information" under BIPA, and (5) whether Plaintiffs consented to such collection and any subsequent disclosure. FaceFirst also argues that the evidence relevant to proving or disproving most of the key issues in this case is in the possession, custody, or control of IBM, Flickr, and/or Yahoo!. FaceFirst contends that if it must defend the instant suit now, it will have no choice but to engage in substantial third-party discovery only to obtain evidence that will likely be produced in the *IBM* action.

The Court concludes that because this case, *IBM*, and the other cases involving the DiF dataset have many overlapping factual and legal issues, a short stay of this case could save discovery costs and decrease the risk for inconsistent rulings. Furthermore, significant discovery and litigation could be rendered moot by the outcome of *IBM*, thus increasing the potential hardship to FaceFirst in defending this action. *See Google*, 2021 WL 534363 at *5 ("Where a denial of stay would cause both parties to incur significant expenses on litigation that may be rendered moot, 'the potential hardship from denying the stay weighs slightly in favor of granting it.'") (quoting *Lal v. Capital One Fin. Corp.*, No. CV 16-00674-BLF, 2017 WL 282895 (N.D. Cal. Jan 23, 2017)).

Accordingly, this factor weighs slightly in favor of granting the stay.

**C.    Orderly Course of Justice**

The orderly course of justice favors a stay. Not only are the factual issues in this case and *IBM* similar, but the overlapping legal issues include constitutional questions regarding the Dormant Commerce Clause. By permitting the Northern District of Illinois to resolve the questions regarding the creation and use of the DiF dataset that underlie the same Plaintiffs' claims against IBM, this Court may avoid expending unnecessary judicial resources on duplicative issues. Judicial economy is served by granting a stay.

**IV.
CONCLUSION**

For the foregoing reasons, the Court finds that the *Landis* factors weigh in favor of a stay and **GRANTS** FaceFirst's Motion to Stay. This case is hereby **STAYED** until February 11, 2022, or sooner, should the *IBM* action reach a quicker conclusion. The parties shall submit a

UNITED STATES DISTRICT COURT **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-6244-DMG (KSx) | Date | June 2, 2021 |
|---|---|---|---|
| Title | *Steven Vance, et al. v. Facefirst, Inc.* | Page | 6 of 6 |

joint status report to the Court within 14 days of the resolution of the *IBM* action or on February 4, 2022, whichever is earlier. During the stay, the case shall be administratively closed.

The Court **DENIES without prejudice** the Motion to Dismiss [Doc. # 54] and the Motion to Compel [Doc. # 69]. The June 4, 2021 hearing on the Motion to Compel is **VACATED**.

**IT IS SO ORDERED**.